# EXHIBIT A



Registered Agent Solutions, Inc.
*Corporate Mailing Address*
5301 Southwest Parkway, Suite 400
Austin, TX 78735

**Phone:** (888) 705-7274

# SERVICE OF PROCESS RECEIPT

11/14/2025

Mark A. Davis
**DMI Mount Juliet TN, LLC**
33 S. 6th Street
Suite 4650
Minneapolis, MN 55402 USA

### NOTICE OF CONFIDENTIALITY

This notice and the information it contains are intended to be a confidential communication only to the individual and/or entity to whom it is addressed. If you have received this notice in error, immediately call our SOP Department at (888) 705-7274.

**RE:** DMI Mount Juliet TN, LLC

This receipt is to inform you that Registered Agent Solutions, Inc. has received a Service of Process on behalf of the above-referenced entity as your registered agent and is hereby forwarding the attached document(s) for your immediate review. A Summary of the service is shown below; however, it is important that you review the attached document(s) in their entirety for complete and detailed information.
For additional information and instruction, contact the document issuer: MORGAN & MORGAN

## SERVICE INFORMATION

Service Date: 11/14/2025
Service Time: 10:29 AM EST
Service Method: Mail (Certified)

## RASi REFERENCE INFORMATION

Service No.: 0412336
RASi Office: Tennessee
Rec. Int. Id.: ECG

## CASE INFORMATION

Case Number: 25C3174
File Date: 11/12/2025
Jurisdiction: CIRCUIT COURT DAVIDSON COUNTY TENNESSEE
Case Title: JOYCE HARTLEY VS. DMI MOUNT JULIET TN LLC

## ANSWER / APPEARANCE INFORMATION

30 days

*(Be sure to review the document(s) for any required response dates)*

## AGENCY / PLAINTIFF INFORMATION

Firm/Issuing Agent: MORGAN & MORGAN
Attorney/Contact: NAME ILLEGIBLE
Location: Tennessee
Telephone No.: 615-780-6490

## DOCUMENT(S) RECEIVED & ATTACHED

Complaint
Summons
Demand: FOR PAYMENT FROM DAMAGES

**ADDITIONAL NOTES:**

Questions? Should you have any questions or need additional assistance, please contact the SOP Department at (888) 705-7274.

You have been notified of this Service of Process by Insta-SOP Delivery, a secure email transmission. The transmitted documents have also been uploaded to your Corpliance account. RASi offers additional methods of notification including Telephone Notification and FedEx Delivery. If you would like to update your account's notification preferences, please log into your Corpliance account at www.rasi.com.

*Thank you for your continued business!*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

DMI Mount Juliet TN LLC
Reg. Agent: Registered
Agent Solutions Inc.
992 Davidson Dr., Ste. B
Nashville, TN 37205

9590 9402 9512 5069 1423 65

2. Article Number (Transfer from service label)

7021 2720 0002 4495 5954

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053    Domestic Return Receipt

---

7021 2720 0002 4495 5954

**MORGAN & MORGAN**
AMERICA'S LARGEST INJURY LAW FIRM

150 4th Avenue N, Suite 300 • Nashville, TN 37219

DMI MOUNT JULIET TN LLC
RA: REG. AGENT SOLUTIONS INC
992 DAVIDSON DR, STE B
NASHVILLE, TN 37205

CIRCUIT COURT SUMMONS                                                         NASHVILLE, TENNESSEE

Service ID 560850

**STATE OF TENNESSEE
DAVIDSON COUNTY
20 TH JUDICIAL DISTRICT**

| | |
|---|---|
| JOYCE HARTLEY<br><br>vs.                                                                 Plaintiff<br><br>DMI MOUNT JULIET TN LLC<br>RA: REG. AGENT SOLUTIONS INC<br>992 DAVIDSON DR, STE B<br>NASHVILLE, TN 37205<br><br>                                                                                  Defendant | CIVIL ACTION<br>DOCKET NO. 25C3174<br>Method of Service:<br>  Certified Mail |

To the above named Defendant:

You are summoned to appear and defend a civil action filed against you in the Circuit Court, 1 Public Square, Room 302, P.O. Box 196303, Nashville, TN 37219-6303 , and your defense must be made within thirty (30) days from the date this Summons is served upon you. You are further directed to file your defense with the Clerk of the Court and send a copy to the Plaintiff's attorney at the address listed below.

In case of your failure to defend this action by the above date, judgment by default will be rendered against you for the relief demanded in the Complaint.

ISSUED:  11/12/2025

JOSEPH P. DAY
Circuit Court Clerk
Davidson County, Tennessee

By: _____

Deputy Clerk

ADDRESS OF PLAINTIFF'S ATTORNEY OR PLAINTIFF:
CARRIE LABREC
150 4TH AVE NORTH
SUITE 300
NASHVILLE, TN 37219

**NOTICE TO THE DEFENDANT:**
Tennessee law provides a Ten Thousand and 00/100 Dollars ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**CERTIFICATION**

STATE OF TENNESSEE    )       I, Joseph P. Day, Clerk of the Circuit Court in the State and County aforesaid, do hereby
COUNTY OF DAVIDSON    )       certify this to be a true and correct copy of the original summons issued in this case.



JOSEPH P. DAY, CLERK

By: _SDaO_ D.C.

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

Service ID 560850

# CIRCUIT COURT SUMMONS

NASHVILLE, TENNESSEE

Service ID 560850

## STATE OF TENNESSEE
## DAVIDSON COUNTY
## 20ᵀᴴ JUDICIAL DISTRICT

JOYCE HARTLEY

Plaintiff

vs.

DMI MOUNT JULIET TN LLC
RA: REG. AGENT SOLUTIONS INC
992 DAVIDSON DR, STE B
NASHVILLE, TN 37205

Defendant

CIVIL ACTION
DOCKET NO. 25C3174
Method of Service:
Certified Mail

Service ID 560850

### RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _____ day of _____, 20___, I sent, postage prepaid by registered return receipt mail or certified return receipt mail, a certified copy of the Summons and a copy of the Complaint/Petition in Docket No. 25C3174 to the Defendant, DMI MOUNT JULIET TN LLC . On the _____ day of _____, 20___, I received the return receipt for said registered or certified mail, which had been signed by _____ on the _____ day of _____, 20___. Said return receipt is filed with the original Summons Return and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME, ON THIS PERSON
_____ DAY OF _____, 20___.

_____
PLAINTIFF, PLAINTIFF'S ATTORNEY or OTHER
AUTHORIZED BY STATUTE TO SERVE PROCESS

_____
_____ NOTARY PUBLIC or _____ DEPUTY CLERK
MY COMMISSION EXPIRES: _____

To request an ADA accommodation, please contact Trey Collier at (615) 880-3309

IN THE CIRCUIT COURT FOR DAVIDSON COUNTY, TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOYCE HARTLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) DOCKET NO: |
| DMI MOUNT JULIET TN, LLC, | ) JURY DEMANDED ) |
| Defendant. | ) ) |

## COMPLAINT FOR DAMAGES

1. The Plaintiff, Joyce Hartley, (hereinafter: "Plaintiff") is a citizen and resident of Davidson County, Tennessee.

2. The Defendant, DMI Mount Juliet TN, LLC, (hereinafter: "Defendant") is a foreign for-profit business authorized to be doing business in Tennessee, with its principal office located at 33 S 6th St., Ste. 4650, Minneapolis, Mn 55402-3715 and its registered agent for service of process: Registered Agent Solutions, Inc., 992 Davidson Drive, Suite B, Nashville, TN 37205.

## JURISDICTION AND VENUE

3. The Defendant owns, operates, controls, and manages the office building premises located at 660 South Mount Juliet Road, Mt. Juliet, TN 37122.

4. The Defendant is a foreign corporation with its registered agent located in Davidson County, Tennessee.

5. Venue is properly situated in Davidson County, Tennessee pursuant to Tenn. Code Ann. § 20-4-104 (3) (A).

6. This Court has jurisdiction over this matter pursuant to Tenn. Code Ann. § 16-10-101.

7. Jurisdiction and venue are proper in this court.

1

## FACTS

8. The premises included an automatic handicap-accessible door intended for use by patrons and invitees, including persons with disabilities or mobility limitations.

9. The Defendant had a continuing duty to maintain, inspect, and repair the premises and its fixtures, including the automatic door, in a reasonably safe condition and in compliance with applicable safety and accessibility standards.

10. On or about January 31, 2024, the Plaintiff, Joyce Hartley, was lawfully on the Defendant's property as a business invitee and was heading to a doctor's appointment.

11. On the above referenced date, while Plaintiff was lawfully entering the premises through automatic handicap-accessible doors and exercising ordinary care, the door malfunctioned, abruptly closing onto her body and causing her to fall violently to the ground.

12. As a result of the fall, the Plaintiff was caused to sustain serious, permanent and painful bodily injuries, including, but not limited to a fractured hip and a traumatic brain injury.

13. The Plaintiff's fall was proximately caused by the negligence of the Defendant and/or their agents or employees who maintained the subject premises, specifically the subject handicap accessible doors, in a dangerous condition, and failed to take appropriate safety precautions, thereby causing serious hazards to the Plaintiff.

14. The Defendant knew, or in the exercise of reasonable care, should have known, that the automatic door mechanism was defective, hazardous, or malfunctioning prior to Plaintiff's injury.

15. The Plaintiff avers that the Defendant had actual and/or constructive notice of the dangerous condition.

16. The Defendant was negligent in failing to ensure that the property was safe and free of hazards for the Plaintiff and others.

17. The Defendant had a duty to inspect the premises, including the handicap accessible door, for hazards and dangerous conditions but the Defendant breached that duty and was negligent.

18. The Defendant failed to inspect, repair, or take the doors out of service and failed to warn patrons, including the Plaintiff, of the unsafe condition.

19. Furthermore, the Defendant had a duty to provide the Plaintiff and others with a safe and hazard free environment but breached that duty and was negligent.

20. As a direct and proximate result of the Defendant's negligence and the malfunctioning automatic door, the Plaintiff sustained significant bodily injuries, pain and suffering, medical expenses, and other damages as more fully set forth below, without any negligence of the Plaintiff contributing thereto.

21. Defendant had a statutory and regulatory duty to ensure that all handicap-accessible features of the Premises—including automatic doors—were maintained in a safe, functional, and compliant condition in accordance with the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and applicable state and local building codes.

22. Under Tenn. Code Ann. § 68-120-204 and related administrative regulations, owners of public buildings are required to ensure that facilities are maintained in compliance with accessibility and safety standards adopted by the State of Tennessee.

23. Defendant's failure to maintain or repair the automatic door, resulting in its dangerous malfunction, constitutes a violation of the ADA and of state building and safety regulations.

24. Such violations constitute negligence per se, as the statutes and regulations were enacted to protect persons such as Plaintiff from precisely the type of harm that occurred.

25. Defendant's acts and omissions also constitute negligent maintenance, in that Defendant failed to exercise reasonable care to keep the automatic door and related equipment in proper working condition, despite having notice or constructive notice of its defective state.

26. Defendant's negligent maintenance and statutory violations were the direct and proximate cause of Plaintiff's injuries and damages.

## DAMAGES

27. As a direct and proximate result of the negligence of Defendant, including their agents and/or employees, the Plaintiff alleges that she is entitled to damages, including but not limited to the following specific items of damages:

    a. Physical pain, both past and future;

    b. Emotional suffering and grief, both past and future;

    c. Health care expenses; both past and future;

    d. Loss of enjoyment of life;

    e. Permanent disabilities;

    f. Permanent scarring and disfigurement;

    g. Costs of this cause; and

      h.    All other general damages and other relief allowed under the laws of the state of Tennessee to which she is entitled.

**WHEREFORE, PLAINTIFF PRAYS:**

1. For a judgment against the Defendant, holding them liable for compensatory damages in an amount to be determined by the jury in this cause sufficient to adequately compensate the Plaintiff for her injuries and losses, not to exceed $1,000,000.00, with interest accruing from the date of filing of suit, reasonable attorney fees, and all other relief deemed appropriate by this Court.

2. For cost of this matter to be taxed to the Defendant.

3. That service of process issue and be served upon the Defendant requiring the Defendant to appear and answer within the time required by law.

4. For a jury trial to try this matter.

5. For such other, further and general relief to which Plaintiff is entitled under the law.

    MORGAN & MORGAN-NASHVILLE

    _/s/ Carrie Labrec_

    CARRIE LABREC, BPR No. 26865
    150 4th Avenue North, Ste. 300
    Nashville, TN 37219
    P: (615) 780-6490
    F: (615) 780-6495
    E: clabrec@forthepeople.com
    *Attorney for Plaintiff*